# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CONFEDERATE MOTORS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action Number |
| ) | **2:09-cv-949-JEO** |
| **WES SILER, *ET AL*,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**COMES NOW** the Plaintiff, Confederate Motors, Inc., by and through undersigned counsel, and requests this Honorable Court to deny the motion to dismiss or, in the alternative, to convert the Defendants' motion to dismiss to a motion for summary judgment and allow relief under Fed. R. Civ. P. Rule 56(f) for the Plaintiff to conduct discovery. As grounds for this request the Plaintiff offers the following:

### INTRODUCTION

The plaintiff, Confederate Motors, Inc. (hereinafter 'CMI') has filed a complaint against the defendants describing claims of Libel *per se*, Tortious Interference with Business Relations, Gross Negligence and Libel *per quod*. These claims arise from an article written by defendant

Wes Siler, and published on the internet website of defendants Jalopnik.com and Gawker Media LLC. On June 30, 2009 three of the Defendants in the case at bar filed a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).

The plaintiff has clearly met the minimum standard for pleading under Fed. R. Civ. P. Rule 8. Moreover, the Defendant has failed to meet its burden for dismissal under Fed. R. Civ. P. Rule 12(b)(6). Additionally, the defendant tries to buttress its weak position by presenting evidence outside of the pleadings.

The defendant asks this Honorable Court to allow the interjection of additional evidence in its motion under the guise that this Court should take "judicial notice" of it. The defendant also feebly attempts to argue the affirmative defense that the statements in the defamatory article written and published by the defendants are true. The defendants do not deny that the article was written and published by the defendants as more specifically stated in the complaint. Thus the crux of the issue becomes whether the defendants interfered with the business relations of the plaintiff and whether the article is defamatory or not, both matters of fact not law.

**Plaintiff Meets the Standard for a Complaint Under Fed. R. Civ. P. Rule 8**

Plaintiff's Complaint meets the "notice pleading" requirements of Fed. R. Civ. P. Rule 8 whereby pleadings must contain only short and plain statements sufficient to put the defendants on notice of the claims against them. See, Sams v. United Food and Commercial Workers International Union, 866 F.2d 1380, 1384 (11th Cir. 1989) (complaint need not specify in detail precise theory of recovery, but must put opponents on notice of claims or defenses asserted); Little v. City of North Miami, 805 F.2d 962, 969 (11th Cir. 1986) (complaint which stated that the defendant degraded the plaintiff was adequate to plead a claim of injury to business

reputation).  Courts have liberally interpreted Fed. R. Civ. P. Rule 8 to require that a plaintiff be given an opportunity to proceed even if his or her claim is "in artfully stated". <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 604 (5th Cir. 1981).

The plaintiff in its complaint specifically sets out a short and plain statement describing each of its claims and theories of recovery.  This is all that is required under Rule 8.  The defendants' arguments to the contrary, including its attempts to introduce additional evidence outside the complaint, are more appropriate for a Fed. R. Civ. P. Rule 56 Summary Judgment Motion.

**<u>Defendant Fails to Meet the Burden for Dismissal Under Fed. R. Civ. P. Rule 12(b)(6)</u>**

The dismissal of a lawsuit pursuant to Fed. R. Civ. P. Rule 12(b)(6) shall **only** be granted if the plaintiff can prove no set of facts consistent with the allegations which can entitle plaintiff to relief.  <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 101-102 (1957); <u>Stone Mountain Game Ranch, Inc. v. Hunt</u>, 746 F.2d 761, 763, n. 4 (11th Cir. 1984); <u>Cook & Nichol, Inc. v. Plimsoll Club</u>, 451 F.2d 505, 506 (5th Cir. 1971).  Defendants have not offered any evidence from the face of the complaint that the facts as alleged in plaintiff's Complaint would not entitle plaintiff to relief and would not rise to the level of a short and plain statement under Fed. R. Civ. P. Rule 8.  Defendants do attempt to argue that additional evidence would support an affirmative defense in the instant case.  This evidence should either be stricken from the record by the court or should serve to convert the defendants' motion to a Motion for Summary Judgment under Fed. R. Civ. P. Rule 56.

Pages 9 – 24 of the Defendants' motion are arguments of law which are clearly improper in a Fed. R. Civ. P. Rule 12(b)(6) motion.  These arguments address the merits of the claims

rather than the sufficiency of the claims as alleged. The Court may only consider what is within the "four corners" of the pleading when considering a Fed. R. Civ. P. Rule 12(b)(6) motion. The Plaintiff's complaint not only delineates the requisite elements of all counts against the Defendants but also states the conduct, the motive and the intent of the defendants. This is not a case of "sloppy journalism" as offered as a defense by the Defendants. This is a case of actual malice with foreknowledge and intent to harm. Damages cannot be specifically alleged at this time because the extent and caliber of damages has yet to be determined. The Defendants are still posting the article and relief had to be sought as quickly as possible or else the Plaintiff would violate its duty to mitigate damages.

**The Defendants' Motion is Actually a Disguised Fed. R. Civ. P. Rule 56 Summary Judgment Motion**

When a court is faced with a Fed. R. Civ. P. Rule 12(b)(6) motion that is actually a mislabeled summary judgment motion because of the introduction of additional evidence, there are two options to remedy the inconsistency. Regarding the exact same issue, the court in the *Estate of Miller* ruled this "scenario presents the Court with two choices: either (1) exclude the matters outside of the pleadings or (2) treat the motion as a motion for summary judgment and give the parties a reasonable opportunity to present pertinent material." *See Estate of Miller v. Toyota Motor Corp.*, 2007 U.S. Dist. LEXIS 92640, * 8 (M.D. Fla. Dec. 18, 2007). The Miller Court clearly outlines the two options. First, the court may strike the evidence because there is no basis for the introduction of such evidence. Second, the motion may be converted to a Rule 56 motion and proceed with discovery.

The heart of the Defendants' argument stated in its purported Fed. R. Civ. P. Rule 12(b)(6) motion relies on a misstated assertion concerning the Plaintiff's complaint and what is

alleged along with additional evidence raised by the defendant in attempts to buttress its argument. The Defendants have attached incomplete copies of three lawsuits which they claim to be "disgruntled owner" suits. Not only is this attachment an attempt to introduce evidence and prove an affirmative defense which is inappropriate in a Fed. R. Civ. P. Rule 12(b)(6) motion but also an improper statement of fact. Just as their clients have done to the Plaintiff, the Defendants' counsel is trying to misstate the facts in a weak attempt to avert the plaintiff's right to pursue valid causes of action against the Defendant.

The defendants also claim that the Plaintiff admits that lawsuits have been filed against it and thus the complaint is groundless. In its complaint, the Plaintiff only admitted that its *predecessor*, a separate and distinct corporation, was the subject of lawsuits which are common for any business owner (i.e. disputed invoices, leases, loans, etc.). The suits admitted in the Plaintiff's complaint were not brought by disgruntled owners.

In an attempt to "marry" the Plaintiff to defunct corporations and introduce evidence beyond the scope of the complaint, Defense counsel has discovered, subsequent to the filing of the civil action at bar, two owner-based lawsuits against a company which no longer exists and is not a party to this lawsuit and one *arbitration action* against the Plaintiff's *predecessor* for untimely repairs due to Hurricane Katrina.

Despite his defamatory statements to the contrary, Defendant Siler was well aware at the time he published his intentionally misleading article that CMI was and is authorized and fit to conduct business in the State of New York and the rest of the United States of America. Defendant, Siler had extensive knowledge of the *former* company, Confederate Motor Company, Inc. (hereinafter 'CMC'), because of his close personal relationship with Defendant, Grant Ray, who was an employee of CMC and responsible for many of the problems within the defunct

entity.

A truly glaring omission in the defendants' motion is any mention of the fourth Defendant, Ray. It is alleged, with specificity, that Ray's personal animosity toward CMI's CEO led to the article at issue in the instant case. Also alleged is an employee-employer relationship between Gawker and Ray. This fact was neither confirmed nor denied by the defendants; therefore, the relationship is a question of fact for the jury and the discovery process must proceed. The Defendants' motion neither mentions the malice component nor the employment relationship but does pervasively interject evidence beyond the borders of the complaint which attempts to link the Plaintiff with various entities not a party in the current action before this Court.

The Defendants blatantly offer evidence from the Plaintiff's website (never mentioned in the complaint) and many undetailed and irrelevant public records concerning defunct corporations. Many of the issues raised by the defendants can only be proven or disproven by the discovery process. The Defendants' out-of-state counsel is trying to subvert the judicial process by titling a motion for summary judgment as a Fed. R. Civ. P. Rule 12(b)(6) motion. Just as the Defendants tried to disguise their attacks as hyperbole, the Defendants' counsel is trying to disguise the introduction of evidence which has neither been admitted nor cross-examined.

**The Twombly Standard**

Perhaps non-local counsel is unfamiliar with the Federal Rules of Civil Procedure but the requirements of Fed. R. Civ. P. Rule 8 state a complaint must be alleged with sufficient specificity of the Defendants' conduct to rise to the level of a violation of law when examined in

a light most favorable to the Plaintiff. *Twombly* does not alter the rule nor does that case raise the plausibility standard to a level which requires specific proof of damages. 550 U.S. 544 (2007).

As to the possibility of judicial notice of some public records, the Defendants believe records from a State Secretary are equivalent to Securities filings with the federal government. The level of scrutiny given to SEC filings is astronomically higher than state corporate records. *Universal Express, Inc. v. United States SEC* does not provide for the blanket admission of all public documents nor does it provide admission of *any* public document, only that the Court **may** take notice of certain documents, such as securities filings, under certain circumstances (i.e. a securities fraud action). *Universal* 177 Fed. Appx. 52 (11th Cir. 2006). If the Court deems the records worthy of judicial notation then please note the discrepancies between the listed entities and the Plaintiff.

The Defendants characterization of the article as "hyperbole" and "opinion" fail to acknowledge the perceived meaning by the average reader. Defendants' statement that "Whether the statements at issue are susceptible of a defamatory meaning" is a matter of law misinterprets the actual language of *Finebaum v. Coulter* which quotes the holding of *Camp v. Yeager,* 601 So.2d 924, 926 (Ala.1992). "Whether a communication is reasonably capable of a defamatory meaning is, *in the first instance* (emphasis added), a question of law." *Camp v. Yeager,* 601 So.2d 924, 926 (Ala.1992). "[I]f the communication is not reasonably capable of a defamatory meaning, there is no issue of fact, and *summary judgment* (emphasis added) is proper." *Harris,* 466 So. 2d at 964-65. "However, if the trial court finds that the statement is reasonably capable of a defamatory meaning, 'it is then for the jury to say whether [the statement was] in fact so understood.'" *Yeager,* 601 So. 2d at 927 (quoting W. Page Keeton et al., *Prosser*

*and Keeton on Torts* § 111, at 781 (5th ed.1984)). "[T]he test to be applied [by the court] in determining the defamatory nature of an imputation is that meaning which 'would be ascribed to the language by a reader or listener of ordinary or average intelligence, or by a "common mind."'" *Loveless,* 295 Ala. at 148, 325 So. 2d at 142. Two important distinctions are ignored by the Defendants in its protracted discussion of *Finebaum v. Coulter*. First, the motions at issue in the cited cases are Fed. R. Civ. P. Rule 56 Motions for Summary Judgment, which is the true nature of the motion in the instant case despite its styling as a Fed. R. Civ. P. Rule 12(b)(6) Motion. Second, the alleged first amendment protections for "hyperbolic" and "opinion" statements apply to "public figures" not to ordinary citizens attempting to conduct business free from the impediments of malicious reporting of false statements as to the citizen's ability to transact ordinary trade. *See New York Times Co. v. Sullivan* 376 U.S. 254 (1964); *See also Bennett v. Hendrix 033109 Fed. 11 07-12314* (slip opinion 2009).

Just because a company is a publicly traded company does not mean that they are a public figure under the First Amendment. Whether a corporation is a public figure or a private figure, for the purpose of determining the constitutionally required level of fault, must be made on a case by case basis examining all the relevant facts and circumstances. See <u>Golden Bear Distributing Systems, Inc. v. Chase Revel, Inc.</u>, 708 F. 2d 944, 952 (5th Cir.1983) (holding that a corporation is a private figure if a pre-existing controversy does not exist between the parties). Thus, the court should allow discovery on this issue rather than following the defendants' bare assumption that the plaintiff is a public figure.

While it is undisputed that Defendant Siler has exaggerated his claims, there is nothing in the article which suggests opinion. Rather, Siler has purposely phrased the article to appear as if he investigated CMI and discovered numerous disgruntled owners and employees. Also, he is

holding himself out as an automotive expert and investigative journalist. He is not opining his personal feelings or beliefs regarding the Plaintiff. He is baldly stating the Plaintiff is unfit to do business in the State of New York and he is implying he acquired that information from unnamed, multiple sources. A reader of average intelligence would believe the "road-tested" reporter of an automotive enthusiast website would have specialized knowledge and information to form the basis of his article.

The Plaintiff expects the evidence to show a concerted effort between Siler and Ray, with the full ratification of Jalopnik.com and Gawker Media LLC, to harm the Plaintiff. This collusion was alleged in the complaint and provides a sufficient basis "to raise a right to relief above the speculative level." *Twombly* 550 U.S. at 555. Furthermore, Defendant Siler's own language states "[*i*]*n fact*, it's surprising to see them at the New York Auto Show today since last *we heard* the Alabama-based company was being *sued so heavily in state courts by disgruntled owners* that they were *unable to do business here*." (emphasis added). There is nothing within the aforementioned quotation which indicates either a "belief" or an "opinion." The offending statement can absolutely be proven false by objective evidence. Defense counsel is correct when they say Siler did not imply the existence of a fact. He made a plain *statement* which can be proven false by objective evidence. Further, he *implied* that he researched the company during his journalistic due diligence. The foregoing facts, as first alleged in the complaint, demonstrate the Defendants' deliberate injury to the Plaintiff and the Defendants' reckless disregard of journalistic integrity and the public trust.

**Plaintiff's Tort Claims**

The Defendants have mischaracterized the Plaintiff's complaint. The complaint only states that the Plaintiff's predecessor has been a party to a lawsuit. Moreover, the Defendants imply that two ten year old cases against a defunct corporation with no legal ties to the Plaintiff are germane to the flagrantly defamatory article. This implication is nearly as offensive as the original article. This evidence, which has been improperly offered in a Fed. R. Civ. P. Rule 12(b)(6) motion, does not prove the article to be substantially true; rather it proves the substantial falsehood of the offending statements. Again, assuming any of the defendants actually researched the company prior to publishing the article, which has not be proven or even asserted by the Defendants, the evidence shows the intent to mislead. At a minimum, the statements contained in the article are "reasonably capable of a defamatory meaning," and must, therefore, be explored more fully through the normal judicial process.

The Defendants' motion also accuses the Plaintiff of recasting the libel claims as additional tort claims; however, the elements and conduct of each count are sufficiently alleged to withstand a challenge under Fed. R. Civ. P. Rule 12(b)(6). Just because some of the conduct alleged fits the elements of multiple claims does not bar the individual claims. For instance, the tortious interference claim can be easily distinguished from the libel claim by examining the Defendants' conduct as alleged in the complaint. The posting of the article was intended to interfere with the business of the Plaintiff, and the content of the article additionally damaged the Plaintiff's reputation. As to the gross negligence or wantonness claim, the Plaintiff's complaint specifically alleges that the Defendants knew or should have known the substantial falsehood of the statements contained in the article, and, with reckless disregard, published the defamatory material. Also, Plaintiff's complaint included an electronic mail correspondence (Plaintiff's

Exhibit 'B') from Defendant Ray which stated his intent to harm the Plaintiff with negative publicity.

## CONCLUSION

The Plaintiff has sufficiently articulated plausible and reasonable claims for relief within the "four corners" of its complaint as required by law.  Since the Plaintiff has met its burden as required by Fed. R. Civ. P. Rule 8 and the *Twombly* standard, the Defendants' Motion to Dismiss should be denied.  550 U.S. 544 (2007).  Furthermore, the Defendants have failed to meet their burden under the long standing principles held in *Hishon* and are not entitled to relief under Fed. R. Civ. P. Rule 12(b)(6).  Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court to deny the Defendants' motion to dismiss, or in the alternative convert the motion to dismiss into a motion for summary judgment and give leave to the Plaintiff to conduct discovery.

                                                Respectfully submitted,

                                                /s/ G. Chance Turner
                                                G. Chance Turner
                                                General Counsel
                                                Confederate Motors, Inc.
                                                *Attorney for Plaintiff*

OF COUNSEL:
G. Chance Turner (TUR-055)
ASB-4942-T75T
2 North 20th Street
Suite 1150
Birmingham, AL 35203
(205) 986-3729 (telephone)
(205) 986-3725 (facsimile)
turnerlaw@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on counsel of record listed below by means of Notice of Electronic Filing (CM/ECF) on this the 28th day of July, 2009.

Richard Davis
**Burr & Forman LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

                                         /s/ G. Chance Turner
                                         OF COUNSEL