UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

---

CONFEDERATE MOTORS, INC.,

           Plaintiff,

- against -

WES SILER, GRANT RAY, JALOPNIK.COM, and GAWKER MEDIA LLC,

           Defendants.

---

Civil Action No. 2:09-civ-00949-JEO

# REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS GAWKER MEDIA, JALOPNIK.COM AND WES SILER

Forrest S. Latta
Richard J. Davis
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

James Rosenfeld (*admitted pro hac vice*)
Deborah Adler (*admitted pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
27th Floor
New York, New York 10019

***Counsel for Defendants Gawker Media, Jalopnik.com and Wes Siler***

**TABLE OF CONTENTS**

**Page**

ARGUMENT .................................................................................................................. 2

    I.    THE COURT MAY DISMISS PLAINTIFF'S CLAIMS AS A MATTER OF LAW .................................................................................. 2

        A.    Plaintiff Fundamentally Misconstrues the Rule 12(b)(6) Standard After *Twombly* ................................................................................ 2

        B.    Judicial Notice is Proper for Public Records Other than Securities Filings, and Does Not Transform A Motion to Dismiss into One for Summary Judgment .............................................................. 3

    II.    PLAINTIFF'S LIBEL CLAIMS FAIL AS A MATTER OF LAW .............. 6

        A.    Plaintiff Concedes the Post is Not Libelous Per Se ............................ 6

        B.    Plaintiff's Failure to Plead the Required Element of Special Damages Requires Dismissal of its Claim for Libel Per Quod ............ 6

        C.    The Publication Contains Constitutionally Protected Opinion and Hyperbole .............................................................................................. 7

        D.    Plaintiff Does Not Rebut that The Post's Statement Regarding Prior Court Actions Is Substantially True .......................................... 9

    III.    PLAINTIFF'S TORT CLAIMS FAIL AS A MATTER OF LAW ............. 10

        A.    Plaintiff Fails to Plead Necessary Elements of Negligence ............... 10

        B.    Plaintiff Fails to Plead Necessary Elements of Tortious Interference with Business Relations ................................................. 11

        C.    Plaintiff May Not Recast its Libel Claim as a Tort Claim ................. 11

CONCLUSION ........................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agora, Inc. v. Axxess, Inc.,*
   90 F. Supp.2d 697 (D. Md.) ............................................................................................. 8

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ........................................................... 2, 3

*Bryant v. Avado Brands, Inc.,*
   187 F.3d 1271 (11th Cir. 1999) ........................................................................................ 5

*Camp v. Yeager,*
   601 So.2d 924 (Ala. 1992) ............................................................................................... 8

*Davis v. Coca-Cola Bottling Co.*
   516 F.3d 955 (11th Cir. 2008) .......................................................................................... 2

*Dunn v. Air Line Pilots Ass'n,*
   193 F.3d 1185 (11th Cir. 1999) ...................................................................................... 10

*Estate of Miller v. Toyota Motor Corp.,*
   2007 U.S. Dist LEXIS 92640 (M.D. Fla. Dec. 18, 2007) ................................................ 5

*Gallagher v. E.W. Scripps Comp.,*
   2009 WL 1505649 (W.D. Tenn May 28, 2009) .............................................................. 9

*Hammer v. Amazon.com,*
   392 F. Supp.2d 423 (E.D.N.Y. 2005) ............................................................................. 8

*Hustler Magazine v. Falwell,*
   485 U.S. 46 (1988) ......................................................................................................... 11

*Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.,*
   175 F.3d 848 (10th Cir. 1999) .......................................................................................... 8

*Masson v. New Yorker Magazine, Inc.,*
   501 U.S 496 (1991) ......................................................................................................... 9

*New York Times Co. v. Sullivan,*
   376 U.S. 254 (1964) ........................................................................................................ 7

*Reflectone, Inc. v. Farrand Optical Company, Inc.*
   862 F.2d 841 (11th Cir. 1989) .......................................................................................... 5

Case 2:09-cv-00949-JEO   Document 20   Filed 08/07/09   Page 4 of 17

*Shuford v. Fidelity National Property & Casualty Insurance Co.*,
    508 F.3d 1337 (11th Cir. 2007) .................................................................................. 5

*Universal Express, Inc. v. United States SEC*,
    177 Fed. Appx. 52 (11th Cir. 2006) ............................................................................ 4

*Wallace v. Brownell Pontiac-GMC Co.*,
    703 F.2d 525 (11th Cir. 1983) .................................................................................... 6

*Weissman v. National Ass'n of Securities Dealers, Inc.*,
    *500 F.3d 1293 (*11th Cir. 2007) .................................................................................. 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 8 ...................................................................................................... 2

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................ 1, 2, 3, 8

Federal Rule of Evidence 201 .......................................................................................... 4

DWT 13171053v4 0080721-000006                       iii

Plaintiff's silence on key issues highlights the deficiencies in each of its claims. It fails to respond to the argument that the Post is not libelous per se as a matter of law, and thus concedes that the Complaint's first cause of action should be dismissed. It does not contend that it satisfied the required elements of either negligence or tortious interference with business relations, and Plaintiff's second and third causes of action must therefore be dismissed as well.

In addition, Plaintiff fails to rebut the Gawker Defendants' arguments that the fourth cause of action for libel per quod must be dismissed. It admits that it has not identified any special damages in its Complaint, as required to state a claim for libel per quod. For this reason alone, the claim should be dismissed. Moreover, Plaintiff does not address or distinguish the dozen cases cited by the Gawker Defendants establishing that reviews and commentaries of the type found in the Post are non-actionable as opinion and hyperbole as a matter of law. Plaintiff is equally silent as to the argument that the "gist or sting" of the sole factual statement in the Post is substantially true.

As to the issue of substantial truth, Plaintiff's Response to Defendants' Motion to Dismiss (the "Response") relies almost entirely on a faulty procedural argument, ignoring that the Court may take judicial notice of inherently reliable material outside of the Complaint under the Federal Rules of Civil Procedure and Eleventh Circuit case law. The Court may and should dispose of this motion under Rule 12(b)(6), without conversion to a summary judgment motion.[1]

---

[1] Plaintiff alleges the "truly glaring omission in the defendants' motion [of] any mention of the fourth Defendant, Ray." Response at 6. Yet the Gawker Defendants do not bring this motion on behalf of Grant Ray. As addressed in the Gawker Defendants' moving brief at footnote 3, Ray is not an employee of Gawker or Jalopnik and the undersigned counsel does not represent him.

# ARGUMENT

## I.
## THE COURT MAY DISMISS PLAINTIFF'S CLAIMS AS A MATTER OF LAW

**A.     Plaintiff Fundamentally Misconstrues the Rule 12(b)(6) Standard After** *Twombly*

In its Response, Plaintiff describes at length the Fed. R. Civ. P. Rule 8 standard, citing to now-reversed case law regarding the standard for dismissal on a motion to dismiss, and ignores the Supreme Court's landmark decision in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) other than to assert that it "does not alter" the Rule 8 requirements.  Response at 7.  Plaintiff is flat wrong.

The Eleventh Circuit has stated that it understands *Twombly* to be "a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)."  *Davis v. Coca-Cola Bottling Co.* 516 F.3d 955, 974 n. 43 (11th Cir. 2008).  Indeed, in *Twombly,* the Supreme Court "abrogated its oft-quoted" recitation of the dismissal standard that it articulated in *Conley v. Gibson*, and "rejected the notion that 'a wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery.'"  *Weissman v. National Ass'n of Securities Dealers, Inc., 500 F.3d 1293,* (11th Cir. 2007) (concurrence), citing *Twombly* at 561.  Plaintiffs must now allege "enough facts to state a claim for relief that is plausible on its face," rather than merely possible. *Twombly*, 550 U.S. at 570.  Here, as described below, Plaintiff has failed to do more

---

Moreover, regardless of whatever allegations Plaintiff makes against Ray, or makes with regard to a supposed relationship between Ray and the Gawker Defendants, Plaintiff has failed to sufficiently allege causes of action against the Gawker Defendants.

than provide "labels and conclusions," and has not even managed a "formulaic recitation of the elements of a cause of action" as to any of the four claims. *Twombly* at 555.

Plaintiff also mistakenly describes as an "affirmative defense" the Gawker Defendants' arguments that the libel per quod claim must be dismissed because all the statements in the Post constitute opinion, hyperbole or are substantially true. Plaintiff ignores that it is *Plaintiff's* burden to establish that the statements in the Post are false and defamatory – thus, not opinion or hyperbole. As Plaintiff admits, these are questions of law, not fact, and therefore are susceptible to decision by the Court without a jury trial. Response at 7; Moving Brief at 10-20.

**B.     Judicial Notice is Proper for Public Records Other than Securities Filings, and Does Not Transform A Motion to Dismiss into One for Summary Judgment**

Plaintiff's Response relies almost exclusively on its argument that the Gawker Defendants' motion to dismiss must be converted into a motion for summary judgment and then denied to allow the parties to engage in discovery, because Defendants requested that the Court take judicial notice of civil actions filed in other courts and corporate records. This argument fails because the Court may either (1) dismiss Plaintiff's claims without resort to the public records, (2) take judicial notice of the records on a Rule 12(b)(6) motion or (3) grant summary judgment without further discovery. Under any of these three approaches, dismissal is warranted.

First, even if the Court were to choose not to take judicial notice of the documents, the Court could still dismiss the complaint in its entirety. Defendants moved to dismiss all four causes of action without reference to public documents outside the complaint. Defendants raised more than one ground to dismiss the

cause of action for libel per quod, the only claim for which Defendants sought judicial notice of documents (and there only as to substantial truth), and the Court may therefore dismiss all claims, whether or not it takes judicial notice of the public records submitted by the Gawker Defendants.

Next, Plaintiff barely acknowledges that the Court has the discretion to take judicial notice of adjudicative facts outside the Complaint without converting Defendants' motion into one for summary judgment, as Defendants established in their moving brief.[2] Plaintiff's only response is to argue that corporate records are not appropriate for judicial notice; Plaintiff is silent, however, as to Defendants' request that the Court take judicial notice of the existence of court filings in other actions. Plaintiff argues, without any support, that while the Court may take judicial notice of securities filings, it may not take judicial notice of records from the State Secretary, because the level of scrutiny given to SEC filings "is astronomically higher" than state corporate records. *See* Response at 7.[3]

This is not the law. It is axiomatic that a court has the discretion to take judicial notice of public records such as corporate records and the existence of court

---

[2] Plaintiff claims that "Defendants' counsel is trying to disguise the introduction of evidence which has neither been admitted nor cross-examined." Response at 6. Yet the very purpose of judicial notice is to allow the Court to consider adjudicative facts "at any stage of the proceeding" that need not be authenticated because they "are not subject to reasonable dispute." *See* Federal Rule of Evidence 201(f) and (b)(2).

[3] Plaintiff cites to one case, *Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006), upon which Defendants relied, and claims that while it stands for the proposition that the Court may take judicial notice of securities filings, the same does not apply for corporate records. *Universal Express*, however, does not involve a securities filing, but rather a civil action filed by the SEC in a district court. Moreover, Plaintiff does not provide any support for its notion that the Court may not take judicial notice of state corporate records. And while Plaintiff suggests that its, and its predecessors', corporate records filed with the Secretary of State might somehow be unreliable, it does not actually dispute any of the information contained in those records.

filings without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (where documents are required by law to be filed with a government agency, no serious question as to their authenticity can exist). Plaintiff has failed to provide any basis to suggest doing so would be inappropriate here, with regard to either Confederate's corporate records or civil actions filed against Confederate.

Finally, although it need not do so, the Court may alternatively convert the motion to dismiss to a motion for summary judgment as to the libel per quod claim. Plaintiff relies on *Estate of Miller v. Toyota Motor Corp.*, 2007 U.S. Dist LEXIS 92640 *8 (M.D. Fla. Dec. 18, 2007), a district court decision in Florida for the proposition that when faced with the introduction of evidence outside the complaint, the Court has only two choices – to exclude the matters outside the pleadings, or give the parties a reasonable opportunity to present pertinent material.[4] However, it is well established in the Eleventh Circuit that a district court may grant a summary judgment motion prior to discovery. *See Reflectone, Inc. v. Farrand Optical Company, Inc.* 862 F.2d 841, 843-44 (11th Cir. 1989); *Shuford v. Fidelity National Property & Casualty Insurance Co.*, 508 F.3d 1337, 1343-44 (11th Cir. 2007).

Indeed, "Rule 56(f) specifically addresses the question of summary judgment before discovery has taken place. The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion." *Reflectone*, 862

---

[4] Although Plaintiff claims that *Estate of Miller*, 2007 U.S. Dist LEXIS 92640 *8 involved "the exact same issue" as here (Response at 4), the *Miller* case does not involve a request for judicial notice of public records.

F.2d at 843.  The party seeking to use rule 56(f) may not simply "rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (internal citations omitted).  Here, Plaintiff relies on nothing more than vague assertions regarding the need for additional discovery to carry its burden that the Post is substantially false.  Plaintiff's statement that "Many of the issues raised by the defendants can only be proved or disproven by the discovery process" (Response at 6) , is exactly the type of assertion that fails to specifically demonstrate that discovery could provide Plaintiff with any facts that would overcome the Defendants' showing with regard to substantial truth.

## II.
## PLAINTIFF'S LIBEL CLAIMS FAIL AS A MATTER OF LAW

**A.     Plaintiff Concedes the Post is Not Libelous Per Se**

As the Gawker Defendants have explained, the cause of action for libel per se must be dismissed as a matter of law because the allegedly defamatory statements do not impute to the plaintiff an indictable offense involving infamy or moral turpitude.  *See* Moving Brief at 10.  Plaintiff does not even mention the per se claim, let alone challenge this argument.  Accordingly, its libel per se claim should be dismissed.

**B.     Plaintiff's Failure to Plead the Required Element of Special Damages Requires Dismissal of its Claim for Libel Per Quod**

In their opening brief, the Gawker Defendants moved to dismiss the libel per quod claim on the basis that the Complaint fails to allege the essential element of

special damages.  *See* Moving Brief at 20.  The Complaint does not identify any material loss that Plaintiff suffered which is capable of being measured in money. It alleges that Plaintiff received inquiries about the article from shareholders, but does not identify a drop in share price, cancelled sales, or any other losses that could be measured in money.  Plaintiff's only reply in its Response is to admit that "Damages cannot be specifically alleged at this time."  Response at 4.  This is plainly insufficient, and the fourth cause of action should be dismissed as a matter of law for this reason alone.

C. **The Publication Contains Constitutionally Protected Opinion and Hyperbole**

In its Response to the Gawker Defendants' showing that the Post contains opinion and hyperbole protected by the First Amendment, Plaintiff argues that the protection extends only to statements about "public figures," not to opinions or commentary regarding "ordinary citizens attempting to conduct business." Response at 8.  Regardless of whether Plaintiff qualifies as a public figure, Plaintiff wildly misstates the law.  The Supreme Court in *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964), upon which Plaintiff relies, held that a public figure plaintiff is required to establish that the defendant published a false statement with "actual malice".  That "actual malice" standard is entirely separate from the protection granted to opinion and hyperbole under the First Amendment.  As established by the many cases cited by the Gawker Defendants in their moving brief – which Plaintiff ignores wholesale – courts routinely find that reviews and commentary of "ordinary businesses" and private figures are protected by the First Amendment.  *See* Moving Brief at 11-15.

Plaintiff incorrectly argues that the Court cannot find that the statements are opinion or hyperbole on a motion to dismiss, and can only do so on a motion for summary judgment. Plaintiff admits that whether "a communication is reasonably capable of a defamatory meaning is, in the first instance, a question of law." *Camp v. Yeager*, 601 So.2d 924, 926 (Ala. 1992). While the Court in *Camp* made that determination on a summary judgment motion, other courts have dismissed defamation claims under Rule 12(b)(6) based on a finding that the statements were protected opinion. *See Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 855-56 (10th Cir. 1999); *Hammer v. Amazon.com,* 392 F. Supp.2d 423, 430-31 (E.D.N.Y. 2005); *Agora, Inc. v. Axxess, Inc.,* 90 F. Supp.2d 697, 703 (D. Md. 2000). Moreover, Plaintiff does not suggest any fact that could be found during discovery that would alter the Court's determination, as a matter of law, as to whether the Post contains protected opinion and hyperbole.[5]

Finally, Plaintiff essentially admits that the Court *can* determine whether the Post contains opinion and hyperbole on a motion to dismiss, and argues that "there is nothing in the article which suggests opinion." Response at 8. Plaintiff argues that the use of the introductory clause, "[i]n fact," means that the following words are fact, rather than opinion, even though the following words are "it's surprising to see them at the New York Auto Show today". Plaintiff does not suggest how it can prove by objective evidence whether something is surprising or not. Plaintiff also

---

[5] Plaintiff claims that it expects discovery to reveal "a concerted effort between Siler and Ray" to harm the Plaintiff. Response at 9. The existence of such an alleged effort would have no effect on whether the commentary in the Post would be understood by a reasonable reader to constitute opinion.

claims that Siler is an "automotive expert and investigative journalist" whom a reader would believe to "have specialized knowledge and information to form the basis of his article." Response at 9. If this were enough to turn any review from protected opinion or hyperbole to fact, *all* professional critics and commentators would face liability when publishing unfavorable reviews – but this is not the law. *See* Moving Brief at 11-17.

D.  **Plaintiff Does Not Rebut that The Post's Statement Regarding Prior Court Actions Is Substantially True**

As the Gawker Defendants showed in their moving brief, so long as the challenged statement contains the substantial truth, rather than the literal truth, a libel claim must be dismissed, and can be dismissed on a 12(b)(6) motion. *Gallagher v. E.W. Scripps Comp.,* 2009 WL 1505649, *7 (W.D. Tenn May 28, 2009)(granting a 12(b)(6) motion to dismiss libel claim where statements were substantially true, and considering court records from another jurisdiction). In other words, so long as the "gist" or "sting" of a statement is accurate, dismissal is required. *Masson v. New Yorker Magazine, Inc.*, 501 U.S 496, 517 (1991). Plaintiff essentially admits, and the Gawker Defendants established, that the one factual assertion in the Post is substantially true: Confederate, in its various corporate forms, has been in sued in state courts by disgruntled owners.

In its Response, Plaintiff argues that the previous Confederate entity, Confederate Motorcycles, Inc., which Plaintiff does not dispute was both a previous incarnation of Confederate Motors, Inc. and the subject of lawsuits by disgruntled owners, "no longer exists and is not a party to this lawsuit." Response at 5. It also points out that its other "predecessor", Confederate Motor Company, was sued in an

arbitration by a disgruntled owner, ignoring that it moved to confirm the award in New York state court.  Yet Plaintiff asserts that that this evidence does not prove the Post to be substantially true.

Plaintiff ignores the fact that the "gist" and "sting" of the Post remains true, regardless of whether it has altered its corporate form, and regardless of whether its previous entities are now defunct.  The Gawker Defendants are not required to pierce the corporate veil; they need only show that the statement in the Post – which refers to "Confederate," without specifying any particular "Confederate" entity – was substantially true from the perspective of a "reasonable reader", rather than one "legalistically constru[ing]" the Post.  *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1193 (11th Cir. 1999).  The fact that most of the state court suits were filed against Plaintiff's predecessor entities is a distinction without a difference, particularly given the companies' essentially identical name, principal and business.  In light of this information, no amount of future discovery will enable Plaintiff to meet its burden of establishing substantial falsity, and the Plaintiff's libel claim should be dismissed now as a matter of law.

### III.
### PLAINTIFF'S TORT CLAIMS FAIL AS A MATTER OF LAW

Plaintiff's tort claims fail for numerous reasons.

**A.     Plaintiff Fails to Plead Necessary Elements of Negligence**

Plaintiff does not acknowledge, much less address, its failure to allege necessary elements of its claim of negligence.  As the Gawker Defendants argued in their opening brief, Plaintiff does not allege that it had a special relationship with the Gawker Defendants that would give rise to a duty of care.  Indeed, no such duty

existed.  Nor does Plaintiff allege causation or damage beyond insufficient conclusory statements.  Accordingly, Plaintiff's cause of action for negligence should be dismissed.

B.  **Plaintiff Fails to Plead Necessary Elements of Tortious Interference with Business Relations**

Plaintiff ignores its failure to allege the necessary elements of tortious interference with business relations.  As the Gawker Defendants showed in their opening brief, Plaintiff's Complaint does not identify any *existing or specific agreement or relation* which suffered damage, as required to plead a claim of tortious interference with business relations.  It similarly fails to allege that the Gawker Defendants had knowledge of such a business relation.  As a result, Plaintiff's cause of action cannot withstand this motion to dismiss.

C.  **Plaintiff May Not Recast its Libel Claim as a Tort Claim**

Plaintiff disputes that, as a matter of law, it may not bring tort claims based on the same conduct and harm that Plaintiff alleges constitutes libel.  Plaintiff, however, provides no authority for its theory that so long as "the elements and conduct of each count are sufficiently alleged," each will withstand the challenge on a motion to dismiss.  Response at 10.  To the contrary, the Supreme Court and lower courts have repeatedly held that a plaintiff cannot circumvent First Amendment protections by dressing up a defamation claim as another tort.  *See Hustler Magazine v. Falwell*, 485 U.S. 46, (1988); *see also* Moving Brief at 21.

Plaintiff further argues that its tortious interference claim is distinguishable from its libel claim because "[t]he posting of the article was intended to interfere with the business of the Plaintiff, and the content of the article additionally damaged the

Plaintiff's reputation." Response at 10. Plaintiff's efforts to separate the act of posting the publication on the web from the content of the article is nonsensical. According to the Complaint, the Post allegedly interfered with Plaintiff's business because it contained damaging content. Indeed, a plaintiff cannot allege defamation based on content alone; a claim for defamation must also include publication of the content, *i.e.*, "the posting of the article." Here, Plaintiff cannot meaningfully distinguish between these two elements of a defamation claim and argue that one of them provides the basis for a separate cause of action.

Similarly, Plaintiff claims that its libel claim can be distinguished from its negligence claim, because "the Plaintiff's complaint specifically alleges that the Defendants knew or should have known the substantial falsehood of the statements contained in the article, and, with reckless disregard, published the defamatory material." Response at 10. Again, the conduct that Plaintiff cites in support of its negligence claim – a knowing disregard of the truth – is a required element of a defamation claim. Moreover, courts have repeatedly found that negligence claims such as Plaintiff's are attempts at circumventing First Amendment protections, and dismissed them as such. *See* Moving Brief at 21-22 (citing *Colon v. City of Rochester*, 307 A.D.2d 742, 744 (4th Dep't 2003)).

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety.

| | |
|---|---|
| Dated:  Birmingham, Alabama<br>          August 7, 2009 | Respectfully submitted,<br><br>*/s/ Forrest S. Latta*<br>Forrest S. Latta<br>Richard J. Davis<br>Attorneys for Defendants Gawker Media, Jalopnik.com and West Siler |
| OF COUNSEL:<br>Forrest S. Latta<br>Richard J. Davis<br>BURR & FORMAN LLP<br>3400 Wachovia Tower<br>420 North 20th Street<br>Birmingham, Alabama 35203<br>Telephone:  (205) 251-3000<br>Facsimile:  (205) 458-5100<br>Email: forrest.latta@burr.com<br>          rdavis@burr.com | James Rosenfeld (admitted pro hac vice)<br>Deborah Adler (admitted pro hac vice)<br>DAVIS WRIGHT TREMAINE LLP<br>1633 Broadway, 27th Floor<br>New York, New York 10019<br>Telephone: (212) 489-8230<br>Facsimile: (212) 489-8340<br>Email: jamesrosenfeld@dwt.com<br>          deborahadler@dwt.com |